# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
## Senior Judge Marcia S. Krieger

Civil Action No. 18-cv-00763-MSK-NRN

ROBYN BRAGG,

    Plaintiff,

v.

SOUTHWEST HEALTH SYSTEM, INC.,

    Defendant.

---

## OPINION AND ORDER DENYING MOTIONS TO RESTRICT

---

**THIS MATTER** comes before the Court pursuant to two Motions to Restrict Access **(#60, 77)** filed by Ms. Bragg. The Defendant ("SHS") has not filed any opposition to either motion.

In this lawsuit, Ms. Bragg asserts that SHS terminated her employment in retaliation for Ms. Bragg complaining that certain SHS policies could potentially constitute acts of Medicare/Medicaid fraud. Ms. Bragg asserts several statutory and common law claims under, among other things, the False Claims Act and Family and Medical Leave Act.

**A. Docket #60**

On June 26, 2019, Ms. Bragg filed a motion **(# 56, 57)** to exclude an expert witness endorsed by SHS, arguing that SHS's disclosure of the expert was untimely. Ms. Bragg attached to that motion, as Exhibit C (Docket # 56-3), a copy of the expert's report. Contemporaneously with that filing, Ms. Bragg filed the instant Motion to Restrict **(# 60)**, explaining that SHS had designated the expert's report as "confidential" under the parties' stipulated protective order and

1

that "in deference to" that designation, Ms. Bragg was moving to restrict public access to Exhibit C.

In pertinent part, Exhibit C is a 6-page Forensic Analysis Report by Francis Brackin of Cyopsis, a digital forensics investigation firm.[1] Mr. Brackin's report explains that Cyopsis was retained to "determine if there is ANY evidence of deletion . . . on [Ms.] Bragg's [work] computers" during a particular period of time. Mr. Brackin's report describes using "industry standard forensic software and hardware" and discusses certain methods Mr. Brackin used to perform his analysis. Exhibit C is cited numerous times by Ms. Bragg's motion to exclude, referencing various specific statements in Mr. Brackin's report and challenging it as "incomplete," among other things.

The Court will not repeat the familiar standards governing motions to restrict access, except to note the public's substantial interest in having access to review materials that have been filed with and considered by the Court in reaching its decisions. D.C. Colo. L. Civ. R. 7.2 reflects the presumption of public access to such documents and places the burden on the party seeking restriction to demonstrate that specific privacy interests overcome the public interest in access. Specifically, Local Rule 7.2(c)(2) requires a party seeking to restrict access to a document to "address the interest to be protected and why such interest outweighs the presumption of public access" and expressly states that "stipulations between the parties or stipulated protective orders with regard to discovery" are, of themselves, "insufficient to justify restriction."

---

[1] The remainder of Exhibit C consists of SHS's disclosure of Mr. Brackin's report to Ms. Bragg, and a copy of Mr. Brackin's curriculum vitae.

Here, Ms. Bragg's motion identifies only the fact that SHS designated Mr. Brackin's report as "confidential" as a justification for its restriction. As Local Rule 7.2(c)(2) makes clear, a party's self-imposed designation of a document as "confidential" is not sufficient to justify restriction.

That being said, the Court is mindful that it is SHS, not Ms. Bragg, that has an interest in preserving the confidentiality of Mr. Brackin's report, and SHS could have filed a brief supporting Ms. Bragg's motion that explained the privacy interest that SHS claimed in the report. But it did not do so.

The Court has independently reviewed Mr. Brackin's report to attempt to ascertain whether, facially, there is any content that could justify a request by SHS to restrict public access to that report. The Court finds none. Mr. Brackin states that he used "industry standard" hardware and software to conduct his analysis, and thus, it is clear that Mr. Brackin has no privacy interest in concealing the nature of those tools, as might be appropriate if he had used unique or proprietary hardware or software to perform the analysis. Nor does Mr. Brackin's description of the process he used appear to disclose methods that would seem to be particularly unique or secret. Rather, Mr. Brackin simply describes "search[ing] for deleted files within the time frame in question" and proceeding to review those files that had been deleted to ascertain their significance (*e.g.* whether they were "system" files vs. "user created" files). Thus, based upon the Court's own review of Mr. Brackin's report, there is no immediate appearance of facts that would suggest that SHS has a privacy interest in the report that would outweigh the public's interest.

Accordingly, Ms. Bragg's motion is denied.

## B. Docket #77

On or about September 26, 2019, consistent with the procedures imposed by the Magistrate Judge, the parties informally contacted the Magistrate Judge to advise that they had a discovery dispute needing resolution. At the Magistrate Judge's direction **(# 73)**, the parties prepared a Joint Discovery Statement that set forth the details of their dispute and submitted it to the Magistrate Judge via e-mail. On September 27, 2019, the Magistrate Judge heard and resolved the discovery dispute, entering Courtroom Minutes **(# 74)** that set forth the Magistrate Judge's ruling. The Magistrate Judge attached a copy of the parties' Joint Discovery Statement and its supporting exhibits to those Courtroom Minutes.

Ms. Bragg now moves to restrict public access to Exhibit A, Docket # 74-2, to the Magistrate Judge's minutes. Exhibit A consists of Ms. Bragg's responses to SHS's first set of interrogatories, request for production of documents, and admissions.[2] Ms. Bragg contends that her interrogatory responses disclosed a range of private information, including: (i) "information about all [of her] private health information since 7/1/16" (roughly a year prior to her termination): (ii) "her private financial information (income and damages)"; (iii) "her private employment information (discipline, job applications, rejections")"; (iv) "personnel information about other current and former SHS employees"; (v) "potentially attorney client privilege[d] information between [her] and an attorney in a different case"; and many others. Ms. Bragg did not particularly identify which specific responses implicated which privacy concerns. Rather, she argued that "the sheer volume of the 40-page discovery response makes it impractical to

---

[2] The parties' dispute concerned, among other things, whether Ms. Bragg should be required to answer SHS's Interrogatories No. 19-24. Ms. Bragg objected on the grounds that Interrogatories No. 1-18, with their subparts, exhausted the numerical limitations on interrogatories imposed by the Scheduling Order.

[identify and] redact all the items referenced above" and that "most of the document would be redacted."

Local Rule 7.2(c)(2) requires the party seeking restriction to identify the private interest to be protected and explain why that private interest outweighs the presumption of public access. Local Rule 7.2(c)(3) requires the movant to identify a clearly-defined and serious injury that would result if access is not restricted. Local Rule 7.2(c)(4) requires the movant to show why no alternative to restriction, such as redaction or summarization, is a practicable alternative to restriction. The Court finds that Ms. Bragg has not carried her burden as a movant under these rules. She has not specifically identified the particular portions of Exhibit A that she contends implicate privacy interests, and the Court rejects her contention that it is impracticable to do so on a granular scale. As discussed below, it is not difficult to review the discovery responses to identify those that implicate privacy concerns. Ms. Bragg's lack of specificity thus prevents her from satisfying any of the requirements of Local Rule 7.2(c)(2)-(4).

Moreover, having conducted its own review of the interrogatories, the Court finds no particular privacy interests held by Ms. Bragg that overcome the strong public interest in access to records presented to and considered by the Magistrate Judge. It is clear that Ms. Bragg specifically requested the Magistrate Judge to review her answers to her interrogatories for completeness before deciding whether she should be required to make further responses. As the transcript from the September 28, 2018 hearing **(# 78** at 4**)** reflects, Ms. Bragg argued that "we believe that we have been more than transparent and fair in responding to discovery, and we have attached all of our responses to each of their sets of discovery" in order to demonstrate that fact. The public's interest in access to judicial records derives from the public's entitlement to review the materials considered by the Court and evaluate the completeness and correctness of

the Court's decision-making. Concealment of documents that were specifically considered by the Court serves to conceal the judicial process from public view, creating "secret court proceedings [that] are anathema to a free society." *See M.M. v. Zavaras*, 939 F.Supp. 799, 801 (D.Colo. 1996). Thus, because the content and completeness of Ms. Bragg's existing responses was something that she asked the Magistrate Judge to consider, the public has a strong interest in being able to review those responses and form its own opinion as to whether the Magistrate Judge should or should not have ordered her to make further responses.

The Court finds that Ms. Bragg has demonstrated relatively few privacy concerns attendant to Exhibit A. Contrary to Ms. Bragg's contention that it is impracticable to comb Exhibit A for private information, the Court has reviewed Exhibit A in its entirety and finds that it is a relatively simple matter to identify those portions of Ms. Bragg's responses that appear to disclose information that could be deemed "private." Some of Ms. Bragg's interrogatory responses consist entirely of objections or references back to other responses, offering little or no meaningful responsive content of their own. *See e.g.* Docket #74-2, responses to Interrog. No. 2, 3, 5, 6, 10, 13, 15. The Court can discern no material privacy interest that Ms. Bragg can assert with regard to these responses. Several other responses largely restate (or amplify) allegations about alleged misconduct at SHS that are already set forth in Ms. Bragg's Complaint. *Id.*, responses to Interrog. No. 8, 9, 11, 12, 14, 16. The Court can discern no privacy interest that Ms. Bragg can assert with regard to these responses, particularly when her Complaint specifically puts at issue the events she describes in these responses. At most, only a handful of responses reveal information that could even arguably be considered to have some private character. *Id.*, responses to Interrog. No. 1 (lengthy response to inquiry about any person Ms. Bragg communicated with about the issues in the lawsuit, describing conversations she had with

6

various individuals); 4 (details of Ms. Bragg's post-termination job search); 7 (generalized statement of post-termination therapy Ms. Bragg received). Ms. Bragg placed questions as to her loss at issue in this lawsuit, and through her responses implicitly concedes that the information in those responses can bear some relevance to her claims. Although it may feel intrusive to have those responses made public, it is Ms. Bragg who has framed up the claims and factual issues in this case, she sought a public forum for resolution of her dispute, and she cannot now complain that it is inappropriate to publicly air the information that she contends supports her claims. Accordingly, Ms. Bragg has not shown, and apparently cannot show, that her relatively minor privacy interests in the responses to a handful of interrogatories in Exhibit A overcome the strong public interest in access to documents presented to and considered by the Court.

Accordingly, Ms. Bragg's motion to restrict is denied.

**C. Conclusion**

For the foregoing reasons, Ms. Bragg's Motions to Restrict **(# 60, 77)** are **DENIED**. The Clerk of the Court shall lift the provisional restrictions placed on Docket # 56-3 and 74-2.

Dated this 19th day of February, 2020.

**BY THE COURT:**

_/s/ Marcia S. Krieger_

Marcia S. Krieger
Senior United States District Judge